HARRY KRILOV, PROSECUTOR, v. THE BOARD OF ADJUST-
MENT OF THE CITY OF NEWARK, DEFENDANT.

Submitted January 20, 1948—Decided March 17, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the prosecutor, *Harold Fisher* and *Martin Gelber*.

For the defendant, *Joseph A. Ward* and *Thomas L. Par-
sonnet*.

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. The writ of *certiorari* brings up
the refusal of the Board of Adjustment of the City of Newark
to "recommend to the City Commission the erection and
operation of an automobile repair shop" at 146-148 Hudson
Street.

It does not clearly appear how far distant the location is
from a zone where the proposed use is permitted by the city
zoning ordinance. Apparently the distance is such that the
board has not the authority to grant a variance inasmuch
as the action brought before us is a refusal to recommend
the variance to the City Commission. The applicant pro-
duced no witnesses at the hearing accorded by the commis-
sion. His attorney made a presentation in his behalf, and
he himself said a few sentences. There was much opposition
from numerous property owners and residents of the vicinity.
No interpretation of the ordinance or any of its provisions is
sought. The application is for a variance to permit the con-
struction and use of an "automobile repair shop (no body
or fender work)." Much is said in prosecutor's behalf on the
proposition that he does not propose to do body or fender

work, but it does not appear that the city ordinance in prohibiting the general classification recognizes that exception. It is conceded that the neighborhood is heavily congested with standing or parked automobiles and moving traffic, and while it is asserted that the proposed use would not increase that congestion, the probability is otherwise. The applicant is presently engaged in a similar business a short distance away, and one of the witnesses complained that he causes much trouble there. The secretary of the Board of Adjustment reported that he could find no permit in the files of the board for such use at that location. An earlier application by another person for permission to build and operate a station for the making of automobile repairs and for automobile service and gasoline sales at the proposed location had been denied.

The burden of proving that the board action was not a lawful disposal of the question was upon the applicant. The general rule is that the decision of the adjustment board after a hearing is presumably correct, and that where it follows the ordinance such decision must be shown to have been clearly against the great weight of evidence presented to the board. *Cook* v. *Board of Adjustment,* 118 *N. J. L.* 372. The prosecutor has not met that burden.

The writ of *certiorari* will be dismissed, with costs.